McLAUGHLIN & STERN, LLP
David Blasband (DB 7069)
Oliver R. Chernin (OC 4516)
Attorneys for Plaintiffs
260 Madison Avenue
New York, NY 10016
Phone: (212) 448-1100
Fax: (212) 448-0066

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
WORKMAN PUBLISHING CO., INC.,
STEVEN RAICHLEN,                              :         Civil Action No.
                               Plaintiffs     :
                                              :         Complaint
             v.                               :
                                              :
PUBLICATIONS INTERNATIONAL, LTD.,             :
LOUIS WEBER                                   :         ECF Case
                                              :
                               Defendants     :
------------------------------------------------------------ X

## COMPLAINT

Workman Publishing Co., Inc. and Steven Raichlen, for their complaint herein, by and through their attorneys McLaughlin & Stern, LLP allege that:

*Nature of Action*

1. This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §1051 *et seq.*) and related causes of action under the laws of the State of New York arising from the use by Defendants of the mark THE BARBECUE BIBLE in violation of Plaintiffs' rights in their federally registered BARBECUE! BIBLE trademark.

*Parties*

2. Plaintiff Workman Publishing Co., Inc. (hereinafter, "WPC") is a corporation incorporated under the laws of the State of New York, having its principal place of business at 225 Varick Street, New York, NY 10014. WPC is the publisher of the series of cook books marketed under the mark BARBECUE! BIBLE.

3. Plaintiff Steven Raichlen (hereinafter, "Mr. Raichlen") is a United States citizen, residing at 1746 Espinola Drive, Coconut Grove, FL 33133. Mr. Raichlen is the author of the series of cook books marketed under the mark THE BARBECUE! BIBLE. WPC and Mr. Raichlen are referred to hereinafter collectively as "Plaintiffs".

4. Upon information and belief, Defendant Publications International, LTD (hereinafter "PIL") is a limited liability company established under the laws of the State of Illinois, having its principal place of business at 7373 North Cicero Avenue, Lincolnwood, IL 60712. Upon information and belief PIL is a publisher of books, including cook books.

5. Upon information and belief, Defendant Louis Weber (hereinafter, "Mr. Weber") is the Chief Executive Officer of PIL, having a business address at 7373 North Cicero Avenue, Lincolnwood, IL 60712. Upon information and belief Mr. Weber directed the acts of trademark infringement and unfair competition complained of herein. PIL and Mr. Weber are referred to hereinafter collectively as "Defendants".

*Jurisdiction (Subject Matter & Personal)*

6. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1121 and under 28 U.S.C. §1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*

7. This Court has pendent subject matter jurisdiction over the unfair competition claims herein under the provisions of 15 U.S.C. §1121 and 28 U.S.C. §1338(b), as these claims are joined with substantial and related claims under the United States trademark laws, 15 U.S.C. § 1051 *et seq.*

8. The Court has personal jurisdiction over Defendant PIL because, upon information and belief, at all relevant times herein, Defendant PIL,

   a. transacted business within the State of New York and/or contracted to supply goods or services within the State of New York; and/or

   b. committed a tortious act within the State of New York; and/or

   c. while regularly soliciting business, engaging in persistent commerce, and deriving substantial revenue from goods used or consumed in the State of New York, Defendant PIL committed a tortious act outside the State of New York that caused injury to Plaintiffs within the State of New York; and/or

   d. while expecting or reasonably expecting the act to have consequences in the State of New York and deriving substantial revenue from interstate commerce, Defendant PIL committed a tortious act outside the State of New York that caused injury to Plaintiffs within the State of New York.

9. The Court has personal jurisdiction over Defendant Mr. Weber because, upon information and belief, at all relevant times herein, Defendant Mr. Weber,

   a. transacted business within the State of New York and/or contracted to supply goods or services within the State of New York; and/or

    b.     committed a tortious act within the State of New York; and/or

    c.     while regularly soliciting business, engaging in persistent commerce, and deriving substantial revenue from goods used or consumed in the State of New York, Defendant Mr. Weber committed a tortious act outside the State of New York that caused injury to Plaintiffs within the State of New York; and/or

    d.     while expecting or reasonably expecting the act to have consequences in the State of New York and deriving substantial revenue from interstate commerce, Defendant Mr. Weber committed a tortious act outside the State of New York that caused injury to Plaintiffs within the State of New York.

*Venue*

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because jurisdiction is not founded on diversity of citizenship and because the Defendants are subject to personal jurisdiction in this judicial district.

*Background*

<u>Adoption and Use Plaintiffs' BARBECUE! BIBLE Mark</u>

12. Plaintiffs hereby reallege and incorporate, as if fully set forth herein, the allegations of ¶¶ 1 through 11, inclusive.

13. In or about the August 1996, Mr. Raichlen authored a cook book entitled BARBECUE! BIBLE and in or about June 1998 WPC published the cook book and sold it in interstate commerce and in New York State.

14. Plaintiffs' book entitled BARBECUE! BIBLE was an instant bestseller and, to date, has sold over a million copies.

15. In view of the phenomenal success of the initial book, Mr. Raichlen has authored and WPC has published, five additional books, to date, all using the mark BARBECUE! BIBLE.

16. Continuously since in or about June 1998, Plaintiffs have used the mark BARBECUE! BIBLE, in interstate commerce and in New York State, to identify its series of cook books and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark BARBECUE! BIBLE on the goods.

17. Plaintiffs' BARBECUE! BIBLE series of cook books are of high quality that are sold and offered for sale, *inter alia* at bookstores, retailers, stationary stores and on-line, at a suggested retail price ranging from $12.95 to $35.00

18. Since its date of first use, in or about June 1998, over 4.2 million copies of books in the BARBECUE! BIBLE series of cook books are in print.

19. Since in or about June 1998, Plaintiffs have advertised and promoted their BARBECUE! BIBLE trademark used in connection with the BARBECUE! BIBLE cook books, in interstate commerce and in New York State, in the media, in catalogs provided to the trade, on the Internet, and through book tours by Mr. Raichlen.

20. Since or about June 1998, Plaintiff WPC has spent substantial sums on advertising the BARBECUE! BIBLE series of cook books.

21. Mr. Raichlen has separately promoted the series of cook books using the mark BARBECUE! BIBLE since June 2000 by featuring the BARBECUE! BIBLE series of cook books on his website www.barbecuebible.com.

22. Said website includes a notice that BARBECUE! BIBLE is a registered trademark of Workman Publishing Co., Inc. and Steven Raichlen."

23. Mr. Raichlen further promotes the series of cook books using the mark BARBECUE! BIBLE since May 2003 by featuring the BARBECUE! BIBLE series of cook books on his cable television show aired on the PBS network.

24. By reason of the foregoing sales, advertising and promotion, the BARBECUE! BIBLE trademark has acquired a distinctiveness and secondary meaning in connection with the BARBECUE! BIBLE series of cook books, identifying Plaintiffs as the exclusive source thereof.

COUNT I

INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
UNDER §32 OF THE LANHAM ACT

25. Plaintiffs hereby reallege and incorporate, as if fully set forth herein, the allegations of ¶¶ 1 through 24, inclusive.

26. On March 27, 2000, Plaintiffs filed an application for registration of said mark in the United States Patent and Trademark Office. On March 5, 2002, said mark was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of said mark in connection with a series of cook books. Said registration is now in force and valid.

27. Since about March 2002, Plaintiffs have given notice that their mark is registered in the United States Patent and Trademark Office by displaying with the mark the registration symbol ® or the legend "BARBECUE! BIBLE is a registered trademark of Steven Raichlen and Workman Publishing Company, Inc."

28. Plaintiffs have filed with the United States Patent and Trademark Office an affidavit of continued use of said mark as required by 15 U.S.C.A. § 1058(a), and said affidavit of continued use was accepted by the United States Patent and Trademark Office on February 16, 2008.

29. The validity of the registered mark and the registration of the mark, Plaintiffs' ownership of the mark, and Plaintiffs' exclusive right to use said registered mark in commerce for the above mentioned goods are incontestable under 15 U.S.C.A. § 1065 and 15 U.S.C.A. § 1115(b), as Plaintiffs have filed in United States Patent and Trademark Office the required affidavit claiming incontestability and said affidavit was accepted by the United States Patent and Trademark Office on February 16, 2008.

30. Upon information and belief, Defendant PIL has infringed Plaintiffs' mark BARBECUE! BIBLE in interstate commerce in the United States, including commerce in the State of New York, by various acts, including the publishing, selling, and offering for sale of a cook book entitled THE BARBECUE BIBLE. Said use of THE BARBECUE BIBLE mark and title by PIL is without permission or authority of Plaintiffs and said use is likely to cause confusion, to cause mistake, and to deceive.

31. Defendant PIL's cook book entitled THE BARBECUE BIBLE is of significantly lower quality than are the books in Plaintiffs' BARBECUE! BIBLE series of cook books.

32. Upon information and belief, Defendant PIL's cook book entitled THE BARBECUE BIBLE is or has been sold and offered for sale at retail stores nationwide and in New York State, including but not limited to chain book stores, such as Barnes & Noble, warehouse clubs, such as Costco and Sam's Club, and others, at a suggested retail price of $14.98.

33. Upon information and belief, Defendant PIL cook book entitled THE BARBECUE BIBLE is or has been sold and offered for sale at its website www.pubint.com and at on-line retailers including, but not limited to www.amazon.com and www.bn.com. Said websites are directed to and accept purchases from, *inter alia*, consumers in this judicial district.

34. Upon information and belief, Defendant PIL's heretofore alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, to cause mistake, and to deceive.

35. Upon information and belief, Defendant Louis Weber has directed Defendant PIL's acts of trademark infringement and unfair competition complained of herein.

36. Upon information and belief, Defendant Louis Weber has authored or co-authored Defendant PIL's cook book entitled THE BARBECUE BIBLE.

37. Plaintiffs have given Defendants actual notice of Plaintiff's registration.

38. Plaintiffs have requested Defendants to cease and desist from their acts of trademark infringement and have requested that Defendants withdraw from all channels of commerce Defendant PIL's infringing product, and provide an accounting, but Defendants have ignored and/or refused to fully comply with Plaintiffs' requests.

## COUNT II

### UNFAIR COMPETITION BY INFRINGEMENT OF COMMON-LAW RIGHTS

39. Plaintiffs hereby reallege and incorporate, as if fully set forth herein, the allegations of ¶¶ 1 through 38, inclusive.

40. Said acts of Defendants constitute unfair competition and an infringement of Plaintiffs' common-law rights in said mark BARBECUE! BIBLE.

41. Upon information and belief, Defendants have infringed Plaintiffs' mark BARBECUE! BIBLE as alleged herein with the intent to deceive the public into believing that goods sold and offered for sale by Defendant PIL are made by, approved by, sponsored by, or affiliated with, Plaintiff. Upon information and belief, Defendants' acts as alleged herein were committed with the intent to pass off and palm off their goods as the goods of Plaintiffs, and with the intent to defraud and deceive and defraud the public.

42. Defendants' aforesaid activities constitute unfair competition and an infringement of Plaintiffs' common law trade name and trademark rights in the names and mark BARBECUE! BIBLE referred to herein under the common law of trademarks and unfair competition of the State of New York.

43. Such unfair competition and infringement has caused and unless enjoined will continue to cause Plaintiffs irreparable harm.

44. Plaintiffs have no adequate remedy at law.

9

## COUNT III

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER §43(A) OF THE LANHAM ACT AS TO USE OF TRADEMARK BARBECUE! BIBLE

45. Plaintiffs hereby reallege and incorporate, as if fully set forth herein, the allegations of ¶¶ 1 through 44, inclusive.

46. Defendants have caused cook books to enter into interstate commerce with the mark and title THE BARBECUE BIBLE. Said use of THE BARBECUE BIBLE is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of Defendant PIL with Plaintiffs and as to the origin, sponsorship, of approval of such cook books by Plaintiffs. These acts are in violation of 15 U.S.C. § 1125(a), in that Defendants have used in connection with goods a false designation of origin, a false or misleading description, and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant PIL with Plaintiffs and as to the origin, sponsorship, and approval of Defendant PIL's goods and commercial activities by Plaintiffs.

## COUNT IV

### DILUTION IN VIOLATION OF FEDERAL ANTI-DILUTION STATUTE

47. Plaintiffs hereby reallege and incorporate, as if fully set forth herein, the allegations of ¶¶ 1 through 46, inclusive.

48. Plaintiffs' mark BARBECUE! BIBLE is a strong, distinctive and famous mark. The mark has long been used in connection with the goods on which it appears, has long been the subject of substantial advertising and promotion, has been used and advertised throughout the United States, is widely recognized by consumers and those in the trade, is in substantially exclusive use, and is federally registered, as alleged above. Plaintiffs' mark BARBECUE! BIBLE is recognized by the general consuming public of the United States as a designation of source of Plaintiffs' cook books and is therefore a famous mark. Upon information and belief, the acts of Defendants alleged herein were commenced and committed from a time after Plaintiffs' mark became famous.

49. Defendants have made commercial use of THE BARBECUE BIBLE as a mark in connection with cook books which Defendants have sold and transported in interstate commerce in the United States, including New York state. Defendants' use of THE BARBECUE BIBLE as a mark and title creates a likelihood of confusion with Plaintiffs' famous mark BARBECUE! BIBLE arising from its similarity with Plaintiffs' famous mark. Defendants' acts are in violation of Lanham Act § 43(c) (15 U.S.C. § 1125(c)), in that they have caused dilution by blurring and/or impairing the distinctiveness of Plaintiffs' famous mark BARBECUE! BIBLE, all to the irreparable injury to and damage of Plaintiffs. Defendants' acts are also in violation of Lanham Act § 43(c) (15 U.S.C. § 1125(c)) in that they are likely to cause dilution by tarnishment by harming the reputation of Plaintiffs' famous mark BARBECUE! BIBLE, all to the irreparable injury and damage of Plaintiffs.

50. Defendants committed these acts willfully and with the intent to create an association with Plaintiffs' famous mark. Defendants willfully intended to trade on the reputation of Plaintiffs and to cause dilution of the Plaintiffs' famous mark BARBECUE! BIBLE.

51. Plaintiffs have no adequate remedy at law.

## COUNT V

## NEW YORK STATE TRADEMARK DILUTION

52. Plaintiffs hereby reallege and incorporate, as if fully set forth herein, the allegations of ¶¶ 1 through 51, inclusive.

53. This Count arises under §360-l of the New York General Business Law.

54. Defendants' use of the mark and title THE BARBECUE BIBLE in connection with the selling, offering for sale and advertising of cook books, as aforesaid has injured and will, unless enjoined by the Court, continue to cause injury to Plaintiffs' business reputation and to dilute the distinctive quality of the mark and trade name BARBECUE! BIBLE in violation of §360-l of the New York General Business Law, all to Plaintiffs' irreparable harm.

55. Plaintiffs have no adequate remedy at law.

## ALLEGATION OF PLAINTIFFS' DAMAGES

56. By reason of the Defendants' acts alleged herein, Plaintiffs have and will continue to suffer damage to their business, reputation, and good will and the loss of sales and profits Plaintiffs would have made but for Defendants' acts.

57. Defendants have failed to recall its infringing goods from interstate commerce, and unless restrained and enjoined, will continue to fail to do so, all to Plaintiffs' irreparable damage.

It would be difficult to ascertain the amount of compensation which could afford Plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate it for injuries threatened.

58. Upon information and belief, Defendants have received substantial profits and have been unjustly enriched by reason of the foregoing violation of Plaintiffs' rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a) That this Court, pursuant to the powers granted it under 15 U.S.C. § 1116, §360-l of the New York General Business Law, and the common law, temporarily and permanently enjoin and restrain Defendants and their agents, servants, and employees from (I) manufacturing, selling, distributing, shipping, advertising, promoting, or otherwise exploiting cook books and/or related products, including the packaging thereof, which contain the name THE BARBECUE BIBLE or any other mark, word, or name similar to Plaintiffs' mark and trade name BARBECUE! BIBLE which is likely to cause confusion, mistake or to deceive; (ii) otherwise directly or indirectly using the name THE BARBECUE BIBLE or any other mark, word, or name similar to Plaintiffs' mark and trade name BARBECUE! BIBLE which is likely to cause confusion, mistake or to deceive; and (iii) continuing any and all acts of unfair competition as herein alleged.

b) That this Court, pursuant to the powers granted it under 15 U.S.C. § 1116 *et seq.*, §360-l of the New York General Business Law, and the common law, order that

Defendants recall all products bearing the mark or title THE BARBECUE BIBLE and placed into commerce by Defendants, and deliver such products up for destruction.

c) That this Court, pursuant to the powers granted it under 15 U.S.C. § 1118, order that all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession or under the control of Defendants bearing the mark THE BARBECUE BIBLE and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

d) That Defendants be required to account to Plaintiffs for any and all profits derived by Defendants from the sale of its goods, bearing the mark THE BARBECUE BIBLE, and for all damages sustained by Plaintiffs by reason of said acts of infringement and unfair competition complained herein.

e) That the Court award Plaintiffs treble the amount of actual damages suffered by Plaintiffs.

f) That the Court award punitive and exemplary damages against Defendants and in favor of Plaintiffs by reason of Defendants' fraud and palming off.

g) That costs and disbursements of this action be awarded Plaintiffs.

h) That this is an exceptional case and that Plaintiffs be awarded reasonable attorney fees.

i) That the Court grant such other and further relief as it shall deem just.

Respectfully submitted,

*Oliver Chernin*

David Blasband (DB 7069)
Oliver R. Chernin (OC 4516)
McLaughlin & Stern, LLP
Attorneys for Plaintiffs
260 Madison Avenue
New York, New York 10016

November 14, 2011